William E. MILLER, Appellant,

v.

KAMO ELECTRIC COOPERATIVE, INC.,
Respondent.

Earl C. MILLER

v.

KAMO ELECTRIC COOPERATIVE, INC.,
Respondent.

Nos. 23279, 23280.

Kansas City Court of Appeals.

Missouri.

Feb. 12, 1962.

PER CURIAM.

In its motion for rehearing, or in the alternative for transfer to the Supreme Court, defendant urges that the causes should be remanded with directions for their dismissal. Defendant now takes the position that as to these cases no jurisdiction was ever vested in the magistrate court, or in the circuit court by derivation, because the suits were filed in the magistrate court for an amount in excess of that court's monetary jurisdiction. Specifically, defendant asserts: The suits were commenced in the magistrate court on July 27, 1959; on that date the magistrate court did not have jurisdiction of the trial of civil claims in which the amounts demanded exceeded the sum of $500.00; the petitions so filed asserted demands in the amount of $1000.00; therefore (defendant argues) the magistrate had no jurisdiction of these cases and the circuit court acquired no derivative jurisdiction.

We do not find the history of these cases to be in accordance with defendant's version. The record before us discloses a variant state of facts leading us to believe that each of the petitions filed in the magistrate court on July 27, 1959, prayed damages for an amount within the jurisdiction of that court as was then provided by law, to-wit, the sum of $500.00.

We have examined certified photostatic copies of the original petitions which were filed in the magistrate court and certified, on change of venue taken by defendant, to the circuit court. Each of the petitions contains a demand in the following words and figures: "WHEREFORE, plaintiffs pray judgment against defendant in the sum of 1000.00 (in hand writing) $499.99 and for their damages sustained and for their costs in this action expended". In connection with the altered figures shown above, we attach material significance to the following additional matters of record: (1) The magistrate's docket contains the following entries in each case under the caption "DATE FILED, CAUSE OF ACTION AND DISPOSITION OF CASE":

"7–27–59 Pet. Damages $499.99
Set for 9/29/59
All papers to Circuit Court as of 9/25/59

CHANGE OF VENUE"

(2) The summons in each case, issued by the magistrate on July 27, 1959, described the petition as a

"PETITION FOR DAMAGES * * * and in which complaint the plaintiff demands judgment against said defendant in the sum of $499.99 together with interest and costs, * * *";

(3) The official record of the magistrate court in each case contains (only) the following recitals:

"On the 27th day of July, 1959, comes Plaintiff and files Petition for Damages in the sum of $499.99. Summons was issued with copy of petition and delivered to Sheriff of Cole County, Missouri, returnable on the 29th day of Sept., 1959, at 2 o'clock P.M. On the 29th day of July, 1959, the Sheriff of Cole County returned the said summons served, by delivering a copy of the same to Walter H. Toberman, Secretary of State of Missouri * * *.

"Change of Venue

"All papers to Circuit Court as of 9/25/59."

■ We accord verity to the magistrate's docket entries, his official certification in the summonses and his official entries of record, and conclude that the petitions as filed on July 27, 1959, in fact contained demands for the sum of $499.99, and not for the sum of $1000.00. We necessarily conclude further that the striking out of the figures $499.99 and the insertion of the figures $1000.00 were done at a time subsequent to the filing of the petitions. It is not necessary for us to conjecture upon the circumstances of or reasons for those alterations, or the identity of their author. Under the state of the record as we have found it to exist, we rule that the magistrate court acquired lawful jurisdiction of the subject matter of the suits when the petitions were filed and that such jurisdiction also vested in the circuit court when the cases were transferred to that court on changes of venue.

■ Defendant for the first time additionally suggests in its motion that the circuit court improperly consolidated the actions (together with a third one of identical nature) in violation of Section 482.090 V.A. M.S., and that the resultant effect was to increase the amount in controversy to a sum in excess of the jurisdiction of the magistrate court. Assuming without deciding that such action by the trial court was error, it could not operate to destroy the lawful jurisdiction then vested in the court.

The motion is overruled.