STATE of Missouri, Respondent,

v.

Alvin SPENCER, Appellant.

No. 56078.

Supreme Court of Missouri,
Division No. 2.

Nov. 8, 1971.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Alan G. Kimbrell, William J. Shaw, Clayton, for appellant.

DONNELLY, Judge.

Appellant, Alvin Spencer, was convicted of robbery in the first degree by means of a dangerous and deadly weapon under V.A.M.S. §§ 560.120 and 560.135, by a jury in the Circuit Court of St. Louis County, Missouri, and his punishment was assessed at imprisonment in the State Department of Corrections for a term of twenty-five years. V.A.M.S. § 556.280. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

On January 4, 1969, the Kresge Store, Northland Shopping Center, Jennings, Missouri, was robbed by two armed men. Appellant was identified at trial as one of the robbers by two girls, employees at the store.

Appellant's wife testified as a witness in his behalf. The trial court, on cross-examination, permitted the State, over objection, to show she had two illegitimate children before she married appellant. The State concedes the purpose of the questioning "was to discredit appellant's wife due to her immorality." The State further concedes that the "credibility of a witness for truthfulness may not be impeached by showing that * * * [her] general moral character is bad." State v. Lora, Mo. Sup., 305 S.W.2d 452, 455; State v. Williams, 337 Mo. 884, 87 S.W.2d 175, 100 A.L.R. 1503. However, the State contends appellant was not prejudiced by the error.

■ It is well-established that while "only prejudicial error is reversible error" (State v. Mayberry, Mo.Sup., 272 S.W.2d 236, 240), error is "presumptively harmful * * * where the life or liberty of the citizen is at stake" (State v. Shipley, 174 Mo. 512, 516, 74 S.W. 612, 613), although "this presumption may be overcome by the facts and circumstances in evidence, if sufficient" (State v. Coleman, 186 Mo. 151, 160, 84 S.W. 978, 980).

■ We cannot conclude from the record that appellant was not prejudiced. The testimony of appellant's wife, if believed by the jury, would have severely weakened the testimony of the only witnesses who identified appellant as one of the robbers. We hold that the ruling of the trial court "was erroneous and prejudicial to the rights of the defendant. * * * [Appellant's wife] was an important witness for the defendant." State v. Lora, supra, 305 S.W.2d 452, 455.

The judgment is reversed and the cause remanded.

All of the Judges concur.