**STATE of Missouri, Respondent,**

v.

**Ronald Ray MILLER, Appellant.**

**No. 48109.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Charles Clifford Schwartz, Clayton, for appellant.

Stephen Dwight Bouchard, Pros. Atty., Hillsboro, for respondent.

CRANDALL, Judge.

Defendant, Ronald Ray Miller, was convicted by a jury of assault in the third degree, § 565.070, RSMo (1978), and sentenced to a term of ninety days in jail and a fine of $1,000. His appeal alleges four points of trial error: (1) failure to grant a mistrial when a witness volunteered information about defendant's past conduct, (2) refusal to allow Festus Police Chief Pagano to testify regarding victim Hall's previous complaints against men, (3) refusal to allow defendant's two sons to testify about Hall's physical confrontation with her ex-husband in the hospital after the assault, and (4) refusal to allow cross-examination

of Hall regarding her augmentive breast surgery and preventing cross-examination of witness Sterling regarding Sterling's marital status. We affirm.

Defendant does not challenge the sufficiency of the evidence. The record discloses substantial evidence that defendant beat Brenda Hall with his fist and a club while on the parking lot of a service station in Crystal City, Missouri.

Defendant first contends that the trial court erred in failing to declare a mistrial when Hall, the victim and main witness for the State, testified on cross-examination as follows:

Q Did you go to Jerry Hills' the next day?

A I don't know.

Q In your bluejeans, maybe?

A I think I can remember going to Jerry's and telling him what Ron had done to me. I don't think I even got out of my car. That's when Jerry had told me that he called Ron a son of a bitch and said he had done that to his other girlfriend.

Defendant's counsel moved for a mistrial at this point. The motion was overruled but the jury was instructed to disregard the statement.

Defendant claims the remark was unresponsive and raised a question of prior possible illegal acts of the defendant, as well as the prior bad character of defendant, which was not then at issue.

■ We agree that Hall's testimony of the defendant's prior activities was not admissible. The trial court so ruled when it instructed the jury to disregard the testimony. The question is whether a mistrial should have been declared. Granting a mistrial "is drastic action and should be exercised only in those circumstances where no other curative action would remove the prejudice claimed.... The trial court was in the best position to determine the effect of the [volunteered] statement and what measures, if any, might be necessary to cure that effect. Absent an impermissible abuse of discretion, this Court will not interfere...." *State v. Morris*, 639

S.W.2d 589, 593 (Mo. banc 1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). When a witness unexpectedly volunteers inadmissible information, the action called for rests in the trial court's discretion. *State v. Williams*, 660 S.W.2d 360, 361 (Mo.App.1983).

■ Unresponsive voluntary testimony which indicates that the defendant was involved in offenses other than the one for which he is on trial does not mandate the declaration of a mistrial. Here there was no evidence of a conscious effort by the prosecution to interject a prejudicial inference through the comments. *State v. Crawford*, 619 S.W.2d 735 (Mo.1981); *State v. Hill*, 614 S.W.2d 744 (Mo.App. 1981). Further, the testimony occurred during cross-examination by defense counsel. In *State v. Sanner*, 655 S.W.2d 868, 880 (Mo.App.1983), this court noted: "Additionally, as the answer came during cross-examination, and while [defense counsel] was pursuing a matter of doubtful materiality, [defendant] is in no position to demand a mistrial."

We hold that the trial court did not abuse its broad discretion in overruling the motion for mistrial. Defendant's first point is denied.

Defendant next contends that the court erred in sustaining the State's motion in limine regarding the testimony of Festus Police Chief William Pagano. Defendant argues that Pagano's testimony would have shown witness Hall was not a credible person, and also argues the testimony is material and relevant as substantive evidence.

Defendant made an offer of proof at trial through Pagano. Pagano testified that on previous occasions Hall had accused men of beating her, and that Pagano could find no marks on her to substantiate the allegations on those occasions. He testified that the defendant was one of the men previously named by Hall. Pagano also stated that it was his understanding the charges would be dropped by Hall in those earlier cases if a monetary settlement could be made with her. Pagano also testified in the offer of

proof that a municipal judge refused to accept any more complaints from Hall. He was also asked if he knew Hall's reputation "for truthfulness and veracity and any moral character." He answered: "It is not good."

The trial court rejected this offer of proof and Pagano was not allowed to testify before the jury.

 Chief Pagano's testimony was replete with inadmissible hearsay. The fact that Pagano did not observe marks on Brenda Hall on the occasions of her prior complaints, at best, had a tenuous connection with the issue of Hall's veracity in the present case. The question of her general reputation in the community for truthfulness, veracity, *and* good *moral character* is an improper question. The credibility of a witness for truthfulness may not be impeached by showing that her general moral character is bad, *State v. Spencer*, 472 S.W.2d 404 (Mo.1971), or that her general reputation for morality is bad. *State v. Williams*, 337 Mo. 884, 87 S.W.2d 175 (1935). Defendant's second point is denied.

Defendant's third point is that the trial court erred in refusing to allow defendant's two sons to testify about a physical confrontation between Hall and her ex-husband subsequent to the assault by the defendant. This allegation of error is not contained in defendant's motion for new trial and is therefore not preserved for appellate review. Rule 29.11(d). We have examined the point for plain error, Rule 30.20, and find no error, plain or otherwise. Defendant's third point is denied.

Defendant's final contention is that the trial court erred in preventing cross-examination of Brenda Hall regarding augmentive breast surgery and in preventing cross-examination of witness Sterling, who was obviously pregnant, regarding Sterling's marital status. *State v. Spencer*, 472 S.W.2d at 405, is dispositive of this point for the reasons previously stated. Defendant's final point is denied.

The judgment of the trial court is affirmed.

REINHARD, C.J., and KAROHL, J., concur.