STATE of Missouri,
Plaintiff/Respondent,

v.

**Ricky Jerome DAUGHERTY,**
Defendant/Appellant.

No. 57168.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1991.

Harold W. Fraser, Edina, for defendant/appellant.

William L. Webster, Atty. Gen., Joan F. Edwards, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury of four counts of sodomy, § 566.060, RSMo 1986. He was sentenced by the court to four consecutive terms of five years imprisonment. We affirm.

On April 18, 1989, Pamela Daugherty awoke at 5:30 a.m. to discover defendant attempting to awaken his nine year old daughter, E.M.D. When Mrs. Daugherty asked why defendant wanted to awaken her, defendant replied that she needed to take the clothes off the line because it was sprinkling. Mrs. Daugherty told defendant not to disturb E.M.D. and defendant immediately left for work. Mrs. Daugherty went downstairs and noticed the clothes were already in baskets inside the house, they were dry and it was not raining outside. Shortly thereafter Mrs. Daugherty awakened E.M.D. and asked about why her father tried to wake her so early. E.M.D. responded that defendant would awaken her and take her downstairs where he would take her clothes off and have her perform oral sex on him. Mrs. Daugherty called defendant at work to confront him and told him not to come home. She then took E.M.D. to Social Services.

Dr. Peter Dureska examined E.M.D. on May 22, 1989, and found physical evidence to support a sexual abuse charge. At trial, Dr. Dureska was asked by the prosecutor, "Now, would you tell the jury, please, what [E.M.D.] told you?" Defense counsel made a hearsay objection which was overruled. Dr. Dureska testified that E.M.D. told him her father was touching her in her privates by placing a finger in her genital area.

E.M.D. testified that she had to perform oral sex on her father at least ten times

and that while she did so he would say that she was "spoiling him." She also testified that defendant had told her that girls in high school shaved off their pubic hair to make them look older because it grew back quicker.

The prosecutor recalled Mrs. Daugherty and asked, "I need to ask you a couple of questions about your sex life with Defendant, is that OK?" Defense counsel objected to this as irrelevant, but the objection was overruled. In response to the prosecutor's questions, Mrs. Daugherty testified that defendant used the term "spoiling him" when she performed oral sex upon him and that defendant had asked her to shave her pubic hair.

In his principal point, defendant asserts the trial court erred in overruling the objection to the State's questions to Pam Daugherty regarding statements made by defendant while engaged in oral sex with Mrs. Daugherty and regarding defendant's request that Mrs. Daugherty shave her pubic hair. Defendant contends this evidence is irrelevant and serves only to prejudice the jury against the defendant. At the outset we note that "[t]he trial court is vested with broad discretion in ruling questions of relevancy of evidence and, absent a clear showing of abuse of that discretion, the appellate court should not interfere with the trial court's ruling." *State v. Brown*, 718 S.W.2d 493, 493–494 (Mo. banc 1986).

Evidence is relevant if it tends to prove or disprove a fact in issue or if it corroborates evidence that is relevant and bears on a principal issue. *State v. Jackson*, 738 S.W.2d 510, 512 (Mo.App.1987). Here the testimony in issue is relevant because it revealed E.M.D. had knowledge of defendant's sexual eccentricities. That a child the age of E.M.D. had knowledge of these eccentricities tends to corroborate her testimony that she had sexual contact with the defendant. Since this evidence is probative, the issue becomes whether the evidence was so prejudicial as to outweigh its probative value. *State v. D.A.R.*, 752 S.W.2d 910 (Mo.App.1988).

The defendant contends the evidence at issue here was evidence of other "misconduct" which caused undue prejudice to his case. Defendant's contention is unpersuasive. The statement by defendant to his wife that she was "spoiling him" when she performed oral sex on him arguably does not constitute misconduct as between husband and wife, but as we see it was not prejudicial. It is the statement, which serves to corroborate the testimony of E.M.D., and not the activity which is under scrutiny here. Defendant's request that his wife shave her pubic hair, while perhaps unusual, simply does not reflect on character. Misconduct is not necessarily congruent with unusual conduct. If it were, a defendant would be shielded from relevant evidence simply by the unusualness of his act. Indeed, it is often the unusual which allows investigators to distinguish the perpetrator from the rest of the public. Any "prejudice" to the defendant here is attributable to the very probativeness of the evidence. Defendant is not entitled to exclude evidence merely because it damages his case. *State v. Morris*, 585 S.W.2d 231, 234 (Mo.App.1979). The trial court was in the best position to balance the probative value and possible prejudice of the evidence. *Id.* The trial court obviously felt there was little or no prejudice by the admission of this evidence and we find no abuse of discretion.

We are not unmindful of the recent decision of *State v. Kitson*, 817 S.W.2d 594 (Mo.App.1991). In that case the conviction of an alleged child molester was reversed due to the admission of testimony regarding non-criminal sexual acts the defendant performed with his wife which were similar to those allegedly performed on the child. In that case, the child testified that the defendant removed the child's pajamas, touched the child's penis and put it in his mouth. The defendant allegedly spread jelly on the child's rectum and licked it off. He inserted a hot dog in the child's rectum, removed it and ate it. The defendant then had the child perform the same acts on him. The child also testified that the defendant put his penis in the child's rectum. Defendant's wife testified over objection that defendant frequently asked her to en-

gage in anal intercourse and that he inserted a glass tube into her vagina and into his own rectum. The defendant's conviction was reversed on appeal due to this testimony by the wife.

The cornerstone of *Kitson* was that evidence of other misconduct, even if non-criminal, is inadmissible if it shows bad character because it might prejudice the jury against defendant. The rationale of *Kitson* does not require us to exclude the evidence in this case. In *Kitson*, evidence of misconduct was used to show a propensity for similar sexual misconduct. As already discussed, the conduct here does not constitute misconduct. Also, the evidence here was not used to show a disposition for a type of conduct, but rather was used to corroborate the victim's testimony. Thus the cases are distinguishable.

■ In his second point, defendant claims the trial court erred in failing to sustain defendant's objections to the testimony of examining physician, Dr. Dureska, concerning statements made to him by E.M.D. and not within any hearsay exception. The trial court overruled the objection based on a narrow hearsay exception in *In re Marriage of P.K.A.*, 725 S.W.2d 78, 81 (Mo.App.1987). That case allows such testimony when child abuse may have occurred, or has been threatened, and the child might not be competent or reasonably expected to testify to it. This exception does not apply here because the child did testify. It is well-established, however, that if a trial court properly admits evidence for a wrong reason, the decision will be sustained. *Steenrod v. Klipsch Hauling Co., Inc.*, 789 S.W.2d 158, 167 (Mo.App. 1990). The testimony was properly admitted under § 491.075, RSMo 1986.[1]

After hearing the arguments of counsel, the trial court ruled that the P.K.A. exception supported admission of the evidence. That exception applies "[w]here there is a substantial basis to believe that the statements of the child are true." *P.K.A.*, 725 S.W.2d at 81. Thus, though the exception is inapplicable here because the child testified, the reliance on P.K.A. by the trial court implicitly indicates the court found sufficient reliability to permit admission of the evidence. The statute is satisfied and the testimony was properly admitted. Point denied.

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.

---

1. That section provides in part:
   1. A statement made by a child under the age of twelve relating to an offense under chapter 565, 566 or 568 RSMo, performed with or on a child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings in the courts of this state as substantive evidence to prove the truth of the matter asserted if:

   (1) The court finds, in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
   (2) The child either:
   (a) Testifies at the proceedings; or
   (b) Is unavailable as a witness.