**STATE of Missouri, Respondent,**

v.

**George ESTES, Appellant.**

**No. ED 84950.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 30, 2005.

5. Rupard's bank records she wrote a check to "cash" for $2,700 on April 1, 2001 and Loetel made a deposit in the same amount on April 11, 2001. Similarly, Rupard wrote a check to "cash" on April 11, 2001, for $1,200 and Loetel deposited $1,200 into his account on April 12, 2001.

Rosalynn Koch, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Ronald S. Ribaudo, Jefferson City, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

George Estes ("defendant") appeals the judgment on his conviction of one count of possession of a controlled substance with the intent to sell. Defendant claims that the trial court erred in allowing evidence of an uncharged crime, and in improperly reciting his sentence in the judgment. We affirm in part and remand in part.

Defendant was charged with one count of possession of a controlled substance with the intent to sell, in violation of section 195.211 RSMo (Cum.Supp.2003)[1]. Prior to trial, defendant filed a motion in limine to exclude evidence of an uncharged controlled drug buy by a confidential informant. The trial court overruled this portion of defendant's motion in limine. After trial, a jury found defendant guilty of possession of greater than five grams of mari-

---

1. We need not engage in a detailed recitation of the underlying facts, as the parties are familiar with them. We will; however, discuss the facts as they relate to the issues on appeal.

juana with the intent to sell. Defendant filed a motion for judgment of acquittal notwithstanding the verdict and alternative motion for new trial. The motion was denied, and the trial court subsequently sentenced defendant to ten years' imprisonment. The present appeal followed.

In his first point on appeal, defendant argues that the trial court erred in denying his motion in limine to exclude evidence of an uncharged crime.

At trial, testimony was presented from two detectives who were members of a narcotics investigations unit regarding an undercover drug buy with an informant. Detective David Lederle testified that he received information from a confidential informant that defendant was selling drugs. Detective Lederle had the informant contact defendant, and a meeting was arranged. The informant was provided with money to purchase drugs, and he was taken to the designated location to meet defendant. Defendant left his residence and rode a bicycle to meet the informant. A "hand transaction" took place between defendant and the informant, and Detective Lederle later recovered marijuana from the informant. Based upon this incident, a search warrant was issued for defendant's residence, and the search ultimately yielded evidence to support the charge of possession of a controlled substance with the intent to sell.

■ Although defendant acknowledges he did not object to this evidence at trial, he claims that there is an exception to the general rule requiring him to object. According to defendant, the challenge to the admission of this evidence is preserved for review because an objection would have been futile, and the court understood that such objection was not waived. However, as the state correctly notes, defendant does not cite any authority to support this argument. Defendant does cite cases which stand for the proposition that where it is "mutually understood that [defendant] did not intend to repudiate his prior objection," the court will acknowledge its "continued validity." *State v. Baker*, 103 S.W.3d 711, 717 (Mo. banc 2003). There is no indication in the record before us that a mutual understanding existed regarding defendant's objection to evidence of the controlled buy. Defendant did not object to the admission of testimony concerning the controlled buy during trial, and therefore, the alleged error regarding admission of the evidence has not been preserved for our review.

■ We may review the issue for plain error. We reverse the ruling of the trial court for plain error only where it results in a miscarriage of justice or a manifest injustice. *State v. Smith*, 11 S.W.3d 733, 738 (Mo.App.1999).

■ Generally, evidence of an uncharged crime is not admissible for the purpose of showing the propensity of a defendant to commit the crime with which he is charged. *State v. Naasz*, 142 S.W.3d 869, 878 (Mo.App.2004). However, where the evidence is part of the sequence of events that surrounds the charged offense, evidence of an uncharged crime may be admissible to present a complete and coherent picture of the events. *Id.* Evidence of uncharged conduct will be allowed under this exception to the general rule only where its probative value outweighs its prejudicial effect. *Id.* The balance of the effect of the evidence and its value is within the sound discretion of the trial court. *Id.*

■ Here, the evidence of the controlled buy was part of the sequence of events which led to the securing of a search warrant for defendant's residence. The search of the residence yielded a large amount of marijuana, which was the basis

of the possession of a controlled substance with the intent to sell charge for which defendant was on trial. It could certainly be argued that the testimony regarding the controlled buy presented a complete picture of the events surrounding the search which led to the charged offense. As a result, the trial court acted within its discretion in allowing such testimony.

Additionally, as the state notes, evidence of defendant's sale of marijuana was relevant to prove the element of intent for the charged offense. It was a reasonable inference from defendant's sale of marijuana to the confidential informant that he intended to sell the marijuana found in his residence as well.

Thus, no manifest injustice or miscarriage of justice occurred as a result of the admission of testimony regarding the controlled buy. Point denied.

In his second and final point, defendant claims that the trial court erred in entering a judgment of guilt which recited the conviction of a Class A felony because he was charged and convicted of a Class B felony. Defendant requests that we remand the cause for correction of the judgment and sentence.

The state concedes this point. We agree that the trial court plainly erred in its written sentence which recited that defendant had been convicted of a Class A felony. Thus, the cause must be remanded to the trial court for entry of sentence and judgment reflecting defendant's conviction of a Class B felony.

The judgment of the trial court is affirmed in part and remanded in part with instructions to enter a written sentence and judgment reflecting defendant's conviction and sentence for the Class B felony of possession of a controlled substance with the intent to sell. In all other respects the judgment is affirmed.

GLENN A. NORTON and NANNETTE A. BAKER, JJ., concur.