Randall SMITH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1999–CA–001924–MR.

Court of Appeals of Kentucky.

March 23, 2001.

Michael C. Lemke, Louisville, KY, for Appellant.

Albert B. Chandler III, Attorney General of Kentucky, Gilbert L. Busby, Assistant Attorney General, Frankfort, KY, for Appellee.

Before BARBER, COMBS, and McANULTY, Judges.

### OPINION

COMBS, Judge.

Randall Smith appeals from the judgment of the Knox Circuit Court convicting him of second-degree unlawful transaction with a minor (Kentucky Revised Statutes (KRS) 530.065) and sentencing him to serve three and one-half years in the penitentiary. Smith argues that he was entitled to a directed verdict of acquittal. Our review of the record does not support that contention. Thus, we affirm.

On the morning of December 4, 1998, Smith, a school bus driver, was alleged to have allowed four of his teenaged passengers to remain on the bus instead of attending school. He then took the students—all boys—to his own house, where he provided them with beer and marijuana. Smith later drove the four students to Corbin and bought them something to eat. Meanwhile, the mother of one of the truants, fourteen-year-old D.B.R., received a phone call from the school informing her that her son was not at school. That evening, after D.B.R. told his mother about the events of the day, she took him to the Knox County Hospital, where blood and urine tests were conducted indicating the presence of marijuana metabolites.

On February 12, 1999, Smith was indicted on one count of unlawful transaction with a minor in the second degree; he was tried by a jury on June 14, 1999. Several witnesses, including the four juveniles, testified about the events of December 4, 1998. Smith did not testify. In her closing argument, Smith's counsel argued that discrepancies in the testimony should convince the jury that the four students had never been in Smith's home and that their explanations for their whereabouts on the day of the alleged crime were fabricated. Nevertheless, the jury found Smith guilty, and on August 6, 1999, he was sentenced to serve three and one-half years in prison according to the jury's recommendation. This appeal followed.

Smith raises two arguments in support of his contention that he was entitled to a directed verdict. First, he insists that in order to be guilty of the crime proscribed in KRS 530.065, a person must induce a minor to commit a felony-not a mere misdemeanor. We have found no such provision in the statute, which reads as follows:

(1) A person is guilty of unlawful transaction with a minor in the second degree when he knowingly induces, assists, or causes a minor to engage in illegal controlled substances activity involving marijuana, illegal gambling activity, or any other criminal activity constituting a felony.

Smith argues that the participial phrase at the end of the sentence, "constituting a felony," modifies all three types of acts prohibited in the statute. Under his interpretation of the statute, only those marijuana and gambling activities constituting felonies as opposed to misdemeanors could satisfy the elements of KRS 530.065. We agree that the Commonwealth has correctly construed the grammar and punctuation of the language resulting in a different interpretation. Each of the three prohibited behaviors is set off by commas; the conjunction *or* precedes the last offense. Thus, the activities are disjunctive and separate from one another. Furthermore, the participial phrase at the very end of the definition, "constituting a felony," is not preceded by a comma—a grammatical

fact that renders it restrictive in nature modifying only the noun (*i.e.*, the criminal activity) *immediately* preceding it—vastly enlarging the scope of forbidden criminal activity to encompass far more than the marijuana use or gambling enterprises discussed above.

 Smith also argues that an expansive interpretation of KRS 530.065 is warranted because

there is no rational reason why a person should be punished as a felon under KRS 530.065 for inducing a minor to engage in drug or gambling activity that was a misdemeanor and therefore would be covered by KRS 530.070.

In any discussion of statutory interpretation, we begin with the principle that "our duty is to ascertain and give effect to the intent" of the Legislature. *Beckham v. Board of Education of Jefferson County*, Ky., 873 S.W.2d 575, 577 (1994). In so doing, it is not our function "to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." *Id.* We are directed to follow the clear language of the statute (*Lydic v. Lydic*, Ky. App., 664 S.W.2d 941, 943 (1983)) and when "plain and unambiguous" words are employed, we must apply those terms "without resort to any construction or interpretation." *Terhune v. Commonwealth*, Ky.App., 907 S.W.2d 779, 782 (1995). We find KRS 530.065 to be clear on its face and not susceptible of interpretation—especially not the extreme interpretation argued by Smith.

However, even if the statute were amenable to interpretation, we cannot accept Smith's argument that the Legislature intended to include within its parameters only those persons who induce minors to engage in felonious marijuana or gambling activities. KRS 530.065 is part of a rather comprehensive, three-part statutory

scheme to punish those who induce or assist minors to engage in a variety of *illegal acts*. The scheme begins with KRS 530.064, which proscribes unlawful transaction with a minor in the *first degree*. Pursuant to that statute, a person can be convicted of a Class A, B, or C felony-depending on the age of the minor-for "knowingly induc[ing], assist[ing], or caus[ing] a minor to engage in illegal sexual activity, or in illegal controlled substances activity other than activity involving marijuana...."

A violation of the statute under which Smith was convicted constitutes a Class D felony. KRS 530.065(2). As discussed earlier, this statute expands upon the activities covered by KRS 530.064; it is within the "second" tier, setting forth the elements of unlawful transaction with a minor in the second degree. KRS 530.065(1) involves inducing a minor to engage in criminal activity related to marijuana, gambling, or felonies *not otherwise falling within the confines of KRS 530.064.* Finally, KRS 530.070 defines the lesser misdemeanor offense of unlawful transaction with a minor in the third degree, which is committed when a person "knowingly induces, assists, or causes a minor to engage in any other criminal activity."

An analysis of all three statutes, construed together, reveals a clear intent of the Legislature. The purpose of these three statutes is to criminalize conduct constituting a risk of harm to a child; the greater the risk of harm to the minor, the more serious the offense. The Legislature has dictated that a person who assists a minor to gamble or to use marijuana (regardless of the criminal degree of that illegal, injurious activity) is designated as a felon. Despite Smith's argument to the contrary, there is nothing absurd, ambiguous, or unreasonable in applying the statute according to its literal wording.

Finally, Smith argues that the Commonwealth failed to prove that the substance involved in this case was marijuana. He states:

It is important to note here that the four juvenile witnesses for the prosecution only assumed that the substance they smoked was marijuana. None of them was asked, and certainly none of them appeared qualified to offer an opinion that the substance was in fact marijuana. It is true that the attorneys questioned them as if the substance were marijuana, but none of them ever confirmed that this was, in fact, the case.

The Commonwealth correctly points out that Smith's claim of insufficient evidence was not preserved for review because his trial counsel neglected to renew her motion for a directed verdict at the close of all the evidence. *See Baker v. Commonwealth*, Ky., 973 S.W.2d 54, 55 (1998). However, even if such a motion had been made, the record reveals that Smith would not have been entitled to a directed verdict since there was sufficient circumstantial evidence that the substance was marijuana to support the jury's verdict. *See e.g. Edwards v. Commonwealth*, Ky., 489 S.W.2d 23 (1972). All four juveniles testified that Smith obtained the substance from a Play Dough canister hidden in the cushions of his sofa; that he removed the substance and rolled it into several "joints"; and that they passed the "joints" around. Lab tests confirmed that D.B.R. had a lot of marijuana in his system.

Furthermore, as Smith acknowledges, there was never an issue at trial as to whether D.B.R. had smoked marijuana on December 4, 1998. Rather, the issue was whether or not he had *obtained* the marijuana from Smith. Smith now complains that none of the witnesses "appeared" qualified to testify that the substance was marijuana. However, it is settled that a defendant is not permitted to change his theory on appeal and vary the theme that he offered at trial. *Kennedy v. Commonwealth*, Ky., 544 S.W.2d 219, 222 (1976). There is ample circumstantial evidence that the substance was marijuana. That fact, coupled with the fact that Smith did not once challenge the minors' identification of the substance on cross-examination, persuades us that the trial court did not err in allowing the jury to assess the evidence and to determine the issue of Smith's guilt.

The judgment of the Knox Circuit Court is affirmed.

ALL CONCUR.