STATE of Missouri, Respondent,

v.

**James Roger DAVIS, Appellant.**

No. WD 64128.

Missouri Court of Appeals,
Western District.

Dec. 27, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2006.

Application for Transfer Denied
April 11, 2006.

James R. Wyrsch, Kansas City, MO, for appellant.

Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Before: EDWIN H. SMITH, C.J., THOMAS H. NEWTON, and LISA WHITE HARDWICK, JJ.

THOMAS H. NEWTON, Judge.

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. James R. Davis was charged with statutory sodomy in the second degree, section 566.064 RSMo (2000). It was alleged that Mr. Davis arranged for his fifteen-year-old daughter M.C.D. to engage in sexual activity with Mr. Zachary W.

Rogers. During discovery, Mr. Davis requested M.C.D.'s counseling and psychiatric records from Mid–Missouri Hospital, Research Psychiatric Center, and Roxanne Durham, Ph.D. Mr. Davis wanted to determine if M.C.D. made any inconsistent statements or made any non-privileged statements to the counselors. The State and the Department of Mental Health (DMH) filed motions to quash all the subpoenas for counselors and counseling records. Mr. Davis also filed a 491.015 (rape shield law) notice to request the admission of M.C.D.'s past sexual conduct. In addition, Mr. Davis filed a motion in limine to exclude the prior consistent statements made by State's witness Mr. Rogers to two other people. The trial court denied the records request, Mr. Davis's motion in limine, and deferred its ruling as to the admissibility of M.C.D.'s prior sexual conduct including prior false allegations.

At the trial, Mr. Rogers testified that Mr. Davis arranged for him to engage in sexual activity with M.C.D. He was impeached about certain prior inconsistent statements and about a pending charge he was negotiating with the prosecutor's office. Mr. Rogers also told two witnesses about the sexual encounter before negotiations with the prosecutor's office, but after police contact and notice of Mr. Davis' arrest. The State introduced the testimony of the two witnesses to rehabilitate Mr. Rogers. The witnesses testified that Mr. Rogers stated, on separate and different occasions, that he engaged in sexual conduct with M.C.D. at Mr. Davis' request. M.C.D. also testified about the sexual encounter, and counsel for Mr. Davis requested permission to introduce statements in M.C.D.'s diary and witness statements about M.C.D.'s past sexual conduct that lead to the prior false allegations that M.C.D. was raped by R.L. The trial court ruled that the information was protected under the rape shield law. The

jury convicted Mr. Davis of the charge, and he appeals.

## LEGAL ANALYSIS

Mr. Davis contends that the trial court erred when it: (1) denied Mr. Davis' request for M.C.D.'s psychiatric or psychological counseling records because the counseling records might contain prior inconsistent statements of the victim and other exculpatory material; (2) ruled that Mr. Davis could not inquire of the victim or adduce extrinsic evidence that she falsely accused an individual of raping her; and (3) permitted the State to present extrinsic evidence of Mr. Rogers' prior consistent statements regarding Mr. Davis' alleged complicity in Rogers' sexual encounter with M.C.D.

 In his first point, Mr. Davis argues that the trial court erred because it refused to review *in camera* M.C.D.'s psychological counseling records. The State claims Mr. Davis was not entitled to an *in camera* review of the records because he failed to show specific facts to justify it, and specifically failed to show that the counseling records contained any information regarding this case. "The abuse of discretion standard applies when reviewing claims of denial of meaningful discovery and concerning the relevancy and admissibility of evidence.... When reviewing a claim that a defendant was denied meaningful discovery, the appellate court will determine whether the trial court abused its discretion in such a way as to result in fundamental unfairness[, which] occurs when the state's failure to disclose results in defendant's genuine surprise and the surprise prevents meaningful efforts to consider and prepare a strategy for addressing the evidence." *State v. Taylor*, 134 S.W.3d 21, 26 (Mo. banc 2004) (footnotes omitted).

■ Mr. Davis claims that his constitutional right to due process and right to confront witnesses [1] overrides the privilege of confidentiality, citing to the United Sates Supreme Court decision, *United States v. Nixon*, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). *Nixon* states that a general privilege of confidentiality can be set aside for the court to conduct an *in camera* review when a defendant demonstrates a specific need for evidence in a criminal trial. 418 U.S. at 713–15, 94 S.Ct. 3090; *State v. Newton*, 925 S.W.2d 468, 471 (Mo.App. E.D.1996).

■ In *Taylor*, the Missouri Supreme Court stated, however, that a "defendant is not entitled to information on the mere possibility that it might be helpful, but must make some plausible showing how the information would have been material and favorable." 134 S.W.3d at 26 (citation and internal quotations omitted). The policy behind the rule is to make sure that the "quest for [the privileged information] is not merely a desperate grasping at a straw." *State ex rel. St. Louis County, Mo. v. Block*, 622 S.W.2d 367, 372 (Mo. App. E.D.1981) (citation omitted).

■ The trial court should have determined if the records were actually privileged before quashing the subpoenas. *State ex rel. Slattery v. Burditt*, 909 S.W.2d 762, 765 (Mo.App. W.D.1995) (finding trial court should determine which material was protected under the attorney-client privilege or work product). Documents that are on their face privileged do not require an *in camera* determination

such as a correspondence letter between an attorney and a client. *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76, 79–80 (Mo. banc 1984). The material that does not fall under the privilege is discoverable if it is relevant to the subject matter involved in the pending action. *State ex rel. Dixon Oaks Health Ctr., Inc. v. Long*, 929 S.W.2d 226, 231 (Mo.App. S.D. 1996). Evidence that is relevant includes that which is reasonably calculated to lead to the discovery of admissible evidence. *Long*, 929 S.W.2d at 231 (citation omitted). An *in camera* review could easily identify the different records, but the requesting party must make an adequate showing.

■ A showing must be more than a mere possibility that the material contains relevant or exculpatory evidence. There must be a showing of a factual predicate as to relevancy and materiality to justify a review. "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State ex rel. White v. Gray*, 141 S.W.3d 460, 464 (Mo. App. W.D.2004) (citation and quotations omitted). In *Goodwin*[2] and *Seiter*,[3] the cases relied on by the State, those defendants failed to make a factual showing as to relevancy and materiality because the record only reflected a generalized claim that the files would contain relevant material and possible exculpatory statements. · In this case, the record reflects a showing as to both materiality and relevancy.

**1.** "The right to confront is satisfied if defense counsel receives wide latitude at trial to cross-examine witnesses; it does not include a right to pretrial disclosure of any and all information that might assist cross-examination." *State ex rel. White v. Gray*, 141 S.W.3d 460, 464 (Mo.App. W.D.2004) (citation and internal quotations omitted).

**2.** *State v. Goodwin*, 65 S.W.3d 17 (Mo.App. S.D.2001).

**3.** *State v. Seiter*, 949 S.W.2d 218 (Mo.App. E.D.1997).

Mr. Davis presented specific facts to establish what information the records contained and how such information would be favorable to him. Mr. Davis cited to inconsistent dates as to when the abuse allegedly occurred as told to both the safe examiner and police detective by M.C.D., and included M.C.D.'s diary entries stating she told the counselor about the circumstances of the abuse. He claimed that the records would contain inconsistent statements and those statements would be crucial in impeaching M.C.D. The State contends that such information is irrelevant to the present case because it dealt with allegations of adjudicated charges that are not related to the information being requested in the records. We find such allegations of prior inconsistent statements sufficient to satisfy a showing when credibility is the sole determination for conviction. Prior inconsistent statements are relevant because they could lead to discovery of admissible evidence, and they are material because such evidence could reasonably undermine the confidence in the outcome. Because Mr. Davis made a plausible showing and alleged more than a mere possibility for entitlement, the psychological and counseling records should be reviewed *in camera* for relevancy and materiality after a determination of their privileged status.[4] Point I is granted.

 In his second point, Mr. Davis contends that the trial court erred when it prevented Mr. Davis from cross examining M.C.D. about false allegations of rape and excluding extrinsic evidence of false allegations of rape. "The scope of cross-examination and the determination of matters that may bear on a witnesses' credibility are largely within the discretion of the trial court. The trial court is vested with broad discretion over questions concerning the relevance and admissibility of evidence. Such discretion shall not be disturbed on appeal absent a clear abuse of discretion." *Newton*, 925 S.W.2d at 472 (citations omitted). "In matters involving the admission of evidence, we review for prejudice, not mere error and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. Norville*, 23 S.W.3d 673, 678 (Mo.App. S.D. 2000) (citation and quotations omitted). The presumption that excluded admissible evidence is prejudicial can be rebutted when the error is harmless. *State v. Norman*, 145 S.W.3d 912, 919–20 (Mo.App. S.D.2004) (citation omitted). The State has the burden to overcome the presumption by proving beyond a reasonable doubt that the error is harmless after we find error. *Id.*

 Here, the trial court ruled that counsel for Mr. Davis could not question or admit extrinsic evidence of the prior false allegation because the matter was protected under the rape shield law. To exclude evidence of prior false allegations on the basis of the rape shield law is erroneous. *State v. Raines*, 118 S.W.3d 205, 212 (Mo. App. W.D.2003) (citing *State v. Scott*, 78 S.W.3d 806, 810 (Mo.App. S.D.2002)). "[E]vidence of prior allegations by an alleged victim of sexual abuse if that evidence is offered to impeach the credibility of the victim as a witness" does not violate the rape shield law. *Scott*, 78 S.W.3d at

4. Communications between professional counselors and psychologists are privileged according to section 337.055 and section 337.540 and possibly section 630.140. These privileges exist without the physician-patient privilege stipulation that the communications must pertain to treatment in order to be classified as privileged. *State v. Lewis*, 735 S.W.2d 183, 187 (Mo.App. S.D.1987) (the physician-patient privilege is a fact determination in that only records or statements made to the physician necessary to prescribe treatment are protected).

810 (citing *State v. Montgomery*, 901 S.W.2d 255, 256 (Mo.App. E.D.1995)).

Next, we must determine if this error deprived Mr. Davis of a fair trial. Mr. Davis claims that the trial court's ruling prejudiced him because it undermined his defense theory that M.C.D. fabricated the allegations against him. According to Mr. Davis, these prior allegations would bear on M.C.D.'s credibility that she had a history of making false sexual assault allegations and would thereby support his defense. To determine whether the exclusion of evidence was harmless beyond a reasonable doubt, we examine the facts and circumstances of the particular case "including the nature of the charge, the evidence presented, and the role the excluded evidence would have played in defense's theory." *State v. Sanders*, 126 S.W.3d 5, 23 (Mo.App. W.D. 2003). We believe that Mr. Davis was prejudiced by the exclusion of the prior false allegation.

The nature of the charge is that Mr. Davis encouraged or aided Mr. Rogers to engage in deviate sexual intercourse with his minor daughter M.C.D. The State's theory was that Mr. Davis arranged for Mr. Rogers to be his daughter's first sexual experience. Mr. Davis' theory was that M.C.D. fabricated the entire story for revenge against him for cheating on her mother. The State adduced the testimony of both M.C.D. and Mr. Rogers, who were the only eyewitnesses to the event. Mr. Davis did not testify, and there was no physical evidence. The excluded evidence of M.C.D.'s prior false allegation would have attacked her credibility. The combination of M.C.D.'s testimony, which was not impeached, and Mr. Rogers' testimony accounted for the conviction of Mr. Davis. Mr. Davis should have been given the opportunity to attack M.C.D.'s credibility with that information. A prior false allegation made by a complaining witness is crucial to credibility. We cannot state that it was harmless error beyond a reasonable doubt to exclude the otherwise admissible evidence of M.C.D.'s prior false allegation. Therefore, it was an abuse of discretion for the trial court to exclude the evidence under the rape shield statute because the statute is inapplicable and the exclusion was prejudicial error. Point II is granted.

In his third point, Mr. Davis contends that the trial court erred by allowing the testimony of two witnesses who both testified that Mr. Rogers told them about the sexual encounter. Mr. Davis claims that the statements were inadmissible hearsay and improper bolstering of the witness. According to Mr. Davis, the statements from the witness were offered for the truth of the matter asserted. The State contends that these statements were admissible because they were prior consistent statements of Mr. Rogers, which are not hearsay. The State also argues that the admission of the statements was not improper bolstering because they were offered to rehabilitate its witness.

Furthermore, the State claims that Mr. Davis failed to preserve this point for appellate review because he did not object to the testimony of the two witnesses as hearsay and did not object to one of the witnesses on the grounds of improper bolstering. Mr. Davis claims that the point is preserved for appeal because he objected to the first witness's testimony, resubmitted the motion in limine seeking to exclude both witnesses' testimonies, and received a continuing objection.

We review trial court decisions to exclude or admit evidence is under abuse of discretion standard. However, when a party fails to preserve the issue, this court must review it, if at all, under a plain error analysis. There is no need to

employ a plain error analysis here because the issue was preserved. When the court and prosecutor "mutually [understand] that defendant did not intend to repudiate his prior objection, the court will acknowledge its continued validity." *State v. Estes*, 166 S.W.3d 119, 121 (Mo.App. E.D. 2005) (internal quotations omitted). Further, it is sufficient to preserve an issue by resubmitting the motion in limine at trial. *Estate of Gross v. Gross*, 840 S.W.2d 253, 260 (Mo.App. E.D.1992). Counsel for Mr. Davis objected to the first witness as follows: "We just need to make a little objection ... we don't think that his prior consistent statements should come in at this point because they haven't laid an adequate foundation and for the reasons stated in our motion in limine." The record reflects that before direct examination counsel similarly objected to Mr. Nowlin's testimony. The court overruled both objections and granted continuing objections as requested. There was no need for counsel to object on the grounds of inadmissible hearsay. The motion in limine sought exclusion of both witnesses' testimony alleging they were inadmissible hearsay. Accordingly, we review the admission of the two statements for an abuse of discretion.

■■■■ Prior consistent statements are admissible to rehabilitate a witness after his or her credibility has been attacked by either an implicit or explicit claim of recent fabrication, improper influence or motive, and "whatever rehabilitative value they may have." *Norville*, 23 S.W.3d at 678. "Any evidence tending to permit an inference [that] the testimony of a witness is recently fabricated opens the door" for the witness's consistent statement made prior to the suggested fabrication. *Id.* Only prior consistent statements made before the impeaching statement are admissible for the purpose of rehabilitation. *Id.* at 678–79.

Here, both of the prior consistent statements of Mr. Rogers were introduced by the State after the cross examination of Mr. Rogers, in which counsel for Mr. Davis questioned Mr. Rogers about a prior inconsistent statement made to a friend before the police contacted him and before negotiations of a pending charge with the prosecutor's office. Mr. Rogers's credibility was effectively attacked with inferences that he fabricated his testimony in exchange for a deal on a pending charge, so prior consistent statements to rehabilitate were proper.

■■■■ Mr. Davis also claims that the prior consistent statements constituted improper bolstering because they were made after Mr. Rogers had contact with the police and notice of the arrest of Mr. Davis. "Improper bolstering occurs when the out of the court statement of a witness is offered solely to be duplicative or corroborative of trial testimony. If the prior [consistent] statement is relevant for purposes other than corroboration and duplication of trial testimony, it is not improper bolstering." *State v. Ramsey*, 864 S.W.2d 320, 329 (Mo. banc 1993) (citation omitted). Admitting these statements was not improper bolstering because they were offered to rehabilitate Mr. Rogers after significant cross-examination that affected his credibility. Thus, we do not find an abuse of discretion by the trial court. Point III is denied.

## Conclusion

In conclusion, we reverse the judgment and remand the cause for a new trial.

EDWIN H. SMITH, C.J., and LISA WHITE HARDWICK, J., concur.