

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | No. SD36757 |
| | ) | Filed: October 7, 2021 |
| EDWARD DURBIN, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY[1]

Honorable William E. Hickle, Judge

**<u>AFFIRMED</u>**

Edward Durbin ("Durbin") was convicted, following a jury trial, of one count of the class F felony of attempted child molestation in the third degree. In two points on appeal, Durbin contends that the trial court abused its discretion by refusing to disclose to the defense Exhibit 10, containing Missouri Department of Social Services, Texas County Children's Division ("Children's Division") and Houston Middle School records; and Exhibit 11, containing Victim's medical records. Finding no merit to Durbin's points, we deny the same and affirm the judgment of the trial court.

---

[1] The case was moved to Phelps County from Texas County on a change of venue.

## Facts and Procedural Background

Durbin does not challenge the sufficiency of the evidence to support his convictions. On April 29, 2018, Victim was living with her grandmother and older sister. Victim's mother ("Mother") asked Victim to watch her three younger siblings at Mother's house while Mother and grandmother went out. Mother requested Durbin, a family friend, stop by and check on Victim. Durbin was also going to do laundry there.

Sometime after arriving, Durbin sat down beside Victim on the couch. Victim's toe started cramping, and she bent down to rub it. Durbin asked Victim to give him her foot, pulled her leg on top of his leg, and began rubbing her foot. Durbin "started moving his hands, massaging up to [Victim's] inner thigh." Victim told Durbin, "It's my foot that hurts[,]" so Durbin went back to massaging Victim's foot for a while. Then, Durbin "rushed his hand up" Victim's leg and tried to touch her genitals. Victim stood up, pushed Durbin's hand away, and walked to the bathroom where she texted her sister for help, indicating that Durbin had "tried to finger" her.

Victim's sister contacted Mother and grandmother, and grandmother contacted authorities. Durbin was subsequently apprehended, and charged by amended information with the class C felony of child molestation in the third degree,[2] and in the alternative, attempted child molestation in the third degree.[3]

On November 19, 2019, Durbin filed a "Motion to Disclose Missouri Department of Social Services, Texas County Children's Division, Houston Middle School Records & to Allow Defense to Use Records in Cross-Examination of State's Witnesses." Citing **Brady v. Maryland**, 373 U.S. 893 (1963), the motion sought an order of the trial court to "command[] the Missouri Department

---

[2] Section 566.069. All references to statutes are to RSMo NonCum.Supp. 2014, unless otherwise indicated.

[3] Section 562.012.

of Social Services, the Texas County Children's Division, and Houston Middle School to disclose records of [six] potential State witnesses[,]" including Victim.  Durbin did not provide any factual basis in the motion as to what the records might contain or how they might be relevant, but instead simply requested to use whatever might be disclosed "in Cross-Examination of State's Witnesses."

Also on November 19, 2019, Durbin filed a "Motion for Disclosure of Alleged Victim's Counseling Records."  Durbin suggested that he would use the records to attack Victim's credibility, suggest she fabricated the alleged crime, and to delve into the facts that:  (1) "[a]t a young age, [Victim] was taken away from her mother's care and narrowly avoided placement in foster care by being taken in by her grandmother"; (2) "[c]ounsel for Defendant filed a request for the Social Services and Children's Division records for the exact same reasons, but several witnesses have testified that [Victim] . . . [has] been exposed to movies, television, and even open sexually charged conversations with her family and friends from a tender age[]"; and (3) Victim had witnessed Mother engage in sexual activity.  Durbin requested "the Court to issue an Order commanding the disclosure of [Victim]'s counseling records . . . or, in the alternative," that the trial court "review those records *in camera* and disclose to the Defense what it deems appropriate[.]"

On December 3, 2019, a pre-trial hearing on these motions was held.  The prosecutor advised that it had disclosed to defense counsel certain Children's Division records relevant to the case.[4]  After hearing argument from defense counsel and the prosecutor, the trial court sustained, in part, Durbin's Motion to Disclose Missouri Department of Social Services, Texas County

---

[4] Durbin's subsequent court filings seem to concede that at the least, he received four "Missouri Department of Social Services, Children's Division" documents, as well as documents described as "Incident Report," "records from the Child Advocacy Center," and "a transcript of the alleged victim's Child Advocacy Interview[.]"  Durbin wholly fails to acknowledge his receipt of those documents in his statement of facts, or account for their substantive import in his arguments.

Children's Division, Houston Middle School Records & to Allow Defense to Use Records in Cross-Examination of State's Witnesses, ordering the State to provide "the records dealing with the alleged [V]ictim" for in-camera review and potential disclosure to the defense, and denying the motion with respect to the other State witnesses. The trial court also granted, in part, Durbin's Motion for Disclosure of Alleged Victim's Counseling Records, ordering that those records be provided for in-camera review and potential disclosure to the defense.

On January 7, 2020, the trial court received the Children's Division and Houston Middle School records for in-camera review. The trial court reviewed the records in-camera, and ruled that none of the records would be disclosed, as none were relevant or material to the defense.

A two-day jury trial commenced on January 14, 2020, which resulted in a mistrial after the jury was unable to come to a unanimous verdict.

A subsequent three-day jury trial commenced on March 11, 2020. The defense theory of the case was that Victim entirely fabricated her accusations against Durbin, and only made the accusations to get attention.

The record reflects that defense counsel—over the course of 148 pages of transcript—thoroughly and vigorously cross-examined Victim regarding the precise details of the alleged crime, Victim's changes in residence, problems in Victim's family, specific instances of Victim's purported misconduct, Victim's postings on social media, and alleged inconsistencies between Victim's Child Advocacy Center statements, Victim's deposition testimony, and Victim's testimony at trial.

Durbin testified in his own defense, denying he touched Victim inappropriately. The jury found Durbin guilty of attempted child molestation in the third degree.

On April 1, 2020, Durbin filed a "Motion for New Trial." In his motion, Durbin asserted the trial court erred "when it denied the disclosure of the alleged victim's records from the Missouri Department of Social Services and Texas County Children's Division that totaled more than 1,000 pages after the trial court conducted an in-camera review of those records, and Defendant was prejudiced thereby."

On May 18, 2020, two days prior to the scheduled sentencing hearing, Victim filed a "Victim Sentencing Statement" stating, in relevant part, that she was now suffering anxiety as the result of Durbin's attempt to molest her and that "[a] doctor tried to put me on depression medication but me and mom both felt that it would make it worse." Mother also filed a "Victim Sentencing Statement" stating, in relevant part, that "[Victim] came very close to start taking antidepressants and seeing a counselor!" Mother also stated that Victim started drifting away from Mother, and that was when Mother "took [Victim] to the doctor, where she prescribed antidepressants."

On May 18, 2020, Durbin also filed a "Motion for Continuance" of the hearing on his April 1, 2020 motion for new trial and the sentencing hearing, in relevant part stating that the information contained in Victim and Mother's victim sentencing statements constituted "newly discovered evidence post-trial" and defense counsel required additional time to investigate prior to the hearing scheduled for May 20, 2020. Defense counsel also filed amended notices to take the depositions of Victim and Mother with accompanying subpoenas.

On May 22, 2020, the State filed a "Motion and Memorandum to Quash Subpoenas and Prohibit Defense Counsel From Invasive Post Trial Discovery." On May 28, 2020, the trial court sustained the State's motion.

On June 11, 2020, Durbin again filed notices to take the depositions of Victim and Mother, the State again filed a motion to quash, and the trial court again sustained that motion on June 17, 2020.

On June 19, 2020, Durbin filed:

•"Motion to Endorse Expert Witness," stating that the defense had retained psychiatrist Dr. Alok Jain ("Dr. Jain") to testify regarding Victim's alleged "mental disorder and the effects of refusing treatment for a mental disorder." An Affidavit of Dr. Jain was also filed stating that he had reviewed records provided to him by the defense, but these records did not include any medical records for Victim, and that those records were required to complete his review. He further stated that in his experience if antidepressants were prescribed for an adolescent, there was typically a compelling reason, and that such may be an indication of oppositional defiant disorder or conduct disorder of which the clinical signs and symptoms would be destructive and deceitful behavior, lying, and violation of rules and authority;

•"Motion for *In Camera* Review" seeking a second in-camera review of the 1,000 pages of Children's Division and Houston Middle School records and to disclose to the defense the material it was entitled to.

•"Motion to Produce and Request for Release of Records," pursuant to ***Brady v. Maryland***, 373 U.S. 83, 87 (1963), requesting the trial court order the State to produce Victim's medical records to defense counsel, or to Dr. Jain, or for an in-camera review; and to release the 1,000 pages of records the trial court reviewed in-camera to either defense counsel or Dr. Jain.

On June 22, 2020, Durbin filed a "Motion for Leave to File an Amended Motion for New Trial Under Rule 29.11," on the "grounds of a ***Brady*** violation and newly discovered evidence 'to prevent a miscarriage of justice[.]'" On the same day, Durbin filed a "Motion for New Trial Under Rule 29.12," asserting that because of the "newly discovered evidence" contained in Victim and Mother's victim sentencing statements, it was necessary for the defense to file an amended motion for new trial out of time.

On June 29, 2020, the trial court heard argument on Durbin's Motion to Endorse Expert Witness, and denied the same.

6

The trial court then heard argument on Durbin's Motion for In-Camera Review. Defense counsel argued because the trial court had sat on two trials and observed the defense's theory of the case, they would ask the trial court to once again review the 1,000 pages of documents for information that would have been material and favorable to the defense. The trial court stated that after a phone call with the parties on June 26, 2020, the court reviewed the documents a second time, and after having heard the evidence at trial, found no documents submitted for in-camera review that were relevant to the issues addressed at trial. The trial court then labeled the documents as "Court's Exhibit No. 10," and ruled that the defense was also not entitled to anything in those records for use in Durbin's motion for new trial.

The trial court also heard argument on Durbin's Motion to Produce and Request for Release of Record. The defense argued that Victim's medical records should be provided to either the defense or to Dr. Jain for in-camera review. Specifically, defense counsel argued they were entitled to any medical records wherein Victim was prescribed antidepressants and refused to take them.

The trial court advised defense counsel that the bulk of the 1,000 pages of in-camera documents consisted of Children's Division records, not medical records from any healthcare provider. The Prosecutor then reiterated that the State did not have any other medical records. The trial court clarified with the Prosecutor that to his knowledge, Victim had not been seen by a counselor and that there were no counseling records. The prosecutor indicated that the first time the State learned of Victim seeing a doctor for antidepressants was in the victim sentencing statements. Defense counsel argued that the statements of Victim and Mother indicated that antidepressants were prescribed to Victim.

Defense counsel further argued that the prosecutor had made it difficult for the defense to obtain pertinent records throughout the case, and requested the trial court disqualify the prosecutor's office and appoint a special prosecutor. The trial court denied Durbin's request to disqualify the prosecutor's office, and also denied Durbin's request that the trial court disclose records in Exhibit 10 to Dr. Jain.

The trial court also heard argument on Durbin's April 1, 2020 Motion for New Trial. Defense counsel rested on that motion, and the trial court overruled the same.

The trial court then heard argument on Durbin's Motion for Leave to File an Amended Motion for New Trial Under Rule 29.11. Defense counsel argued that while the deadline had passed to amend Durbin's April 1, 2020 Motion for New Trial, "[a]n exception to that rule exists under case law," the "case law is pretty clear about the method to get around that[,]" and that "[Durbin] meets it." The trial court overruled Durbin's motion.

Finally, the trial court heard argument on Durbin's Motion for New Trial Under Rule 29.12. Defense counsel argued the trial court should hold a hearing and allow the defense to present evidence and call witnesses and "flush" out the details of the conflicting victim sentencing statements regarding Victim being prescribed antidepressants and her refusal to take those. Defense counsel stated they had subpoenaed Victim, Mother, and the victim advocate to testify, and all were present to testify. The trial court observed that defense counsel had already confronted Mother twice (at the 491 hearing, and then at her deposition) and had never elected to question Mother regarding the counseling issue.

A short recess was then called to allow the prosecutor to speak with Victim, Mother, and the victim advocate to inquire about any medical records for the Victim's appointment at her pediatrician where antidepressants were offered. All three individuals indicated that there were no

8

records, and that the visit took place between the first and second trial. The prosecutor indicated that it had no knowledge of that visit, and did not possess any records thereof. The trial court denied Durbin's motion for new trial under Rule 29.12.

Defense counsel then requested that the trial court order the State to provide the pediatrician's medical records to the trial court for in-camera review. The trial court advised that the only issue before the court was sentencing, but that out of an abundance of caution, the trial court was ordering that if any such records existed, that they be provided to the trial court for an in-camera review before sentencing. Sentencing was reset for July 10, 2020.

At the sentencing hearing on July 10, 2020, defense counsel asked the trial court whether any of Victim's medical records were going to be disclosed to the defense. The trial court indicated that the prosecutor provided records to the trial court on July 7, which were labeled "Court's Exhibit No. 11," and after review of those records, the trial court stated that in the court's opinion, none of those documents had any bearing on any of the issues in this case, and if those records had been provided before the second trial, the court was confident those would not have been provided to the defense.

Durbin waived jury sentencing. The trial court sentenced Durbin to three years in prison, and ordered him to cooperate in all programs in the Sexual Offender Assessment Unit. Upon the court's receipt of the report from Durbin's participation in the 120-day program, the trial court would then make a decision as to probation.

This appeal followed.[5]  In two points relied on, Durbin argues:

I.  The trial court abused its discretion in refusing to disclose to the defense Texas County Children's Division, Missouri Department of Social Services, or Houston Middle School records of the complaining witness, [Victim], contained in 'Court's Exhibit 10,' because this denied Durbin's rights to due process of law, a fair trial, to confront and cross-examine witnesses, and present a defense, . . . that, while the information is still under seal and has never been viewed by defense counsel, this information is likely relevant and material as to [Victim]'s credibility as a witness, and [Victim]'s credibility as a witness was important to the defense, because [Victim] is the only witness whose testimony connects him to the elements of the offense charged.

II.  The trial court abused its discretion in refusing to disclose to the defense the complaining witness, [Victim]'s, medical records contained in 'Court's Exhibit 11,' because this denied [Victim]'s rights to due process of law, a fair trial, to confront and cross-examine witnesses, and present a defense, . . . in that, while the information is still under seal and has never been viewed by defense counsel, this information is likely relevant and material to [Victim]'s credibility as a witness, and [Victim]'s credibility as a witness was important to the defense, because [Victim] is the only witness whose testimony connects him to the elements of the offense charged.

**Standard of Review**

Because Defendant's point relates to the trial court's decision not to compel the production of Victim's medical records . . ., it is subject to an abuse of discretion standard of review.  The purpose of discovery is to provide a defendant with a decent opportunity to prepare in advance for trial and avoid surprise.  The focus of a denial of discovery is whether there is a reasonable likelihood that denial of discovery affected the outcome of the trial.  If a defendant claims he was denied meaningful discovery, the standard for review is whether the trial court abused its discretion such that it results in fundamental unfairness.  Fundamental unfairness occurs when the state's failure to disclose results in defendant's genuine surprise and the surprise prevents meaningful efforts to consider and prepare a strategy for addressing the evidence.  If reasonable persons can disagree as to whether the trial court acted correctly or not, then the trial court did not abuse its discretion.

*State v. Smith*, 579 S.W.3d 284, 287 (Mo.App. S.D. 2019) (internal quotations and citations omitted).

---

[5] Durbin filed with this Court a "Motion Requesting the Court Obtain and Review Sealed Records Filed in Phelps County Circuit Court," and a "Motion to Remand the Case to the Trial Court to Consider Newly Discovered Evidence and Evidence of *Brady* Violation."  We granted, in part, the first motion as to Exhibit 10 and Exhibit 11, whereby we obtained the exhibits under seal.  We denied the motion to remand.

## Analysis

### *Point I:  Exhibit 10*

In Durbin's first point, he argues that in refusing to disclose Exhibit 10 to the defense, the trial court:  (1) "abused its discretion"; (2) violated Durbin's "rights to due process of law"; (3) violated Durbin's right to "a fair trial"; (4) violated Durbin's right "to confront and cross-examine witnesses"; and (5) violated Durbin's right "to present a defense[.]"  This point is blatantly multifarious.[6]  Nevertheless, our preference is to decide matters on the merits, and *ex gratia* we therefore treat what we discern to be the primary thrust of Durbin's Point I argument.  *See **State v. Glaze***, 611 S.W.3d 789, 794 n.6 (Mo.App. W.D. 2020).

The substance of Durbin's Point I argument section is as follows:

> Although the undersigned counsel has not had the opportunity to review the documents contained in 'Court's Exhibit 10,' it obviously contains [Victim's] Children  Services records, her family's Missouri Department of Social Services records, and her school records.  The documents contained in 'Court's Exhibit 10' are rife with relevant and useful information for Mr. Durbin's defense, including being considered as extrinsic evidence that could be used to impeach [Victim], as well as her family members credibility at trial.  Several of [Victim]'s relatives testified at trial, including her grandmother, mother, and sister, and each of their credibility is subject to confrontation.[7]

---

[6] Durbin's point raises multiple separate and distinct inquiries, which require discrete legal analyses— they "must appear in separate points relied on in the appellant's brief to be preserved for appellate review."  *See **Ivie v. Smith***, 439 S.W.3d 189, 199 n.11 (Mo. banc 2014).  Rule 30.06(a) requires that the form and content of appellate briefs "shall contain the material prescribed by Rule 84.04 and Rule 84.06."

All rule references are to Missouri Court Rules (2017).

[7] Durbin's motion for new trial did not argue—as he now does on appeal—that the trial court committed error in failing to disclose Victim's middle school records.  That claim is accordingly not preserved for our review, and we do not consider it.  *See **State v. Ratliff***, 622 S.W.3d 736, 745 (Mo.App. W.D. 2021); Rule 29.11(d).  Moreover, Durbin's Point I does not make any mention of Victim's "family members credibility," or Victim's, or "her grandmother, mother, and sister, and each of their credibility[.]"  Rule 84.04(e) directs that "[t]he argument shall be limited to those errors included in the 'Points Relied On.'"  Where, as here, the appellant presents "[a]n argument not set out in the point relied on but merely referred to in the argument portion of the brief does not comply with the requirements of Rule 84.04(d) is considered abandoned in this Court."  ***Holmes v. Union Pac. R.R. Co.***, 617 S.W.3d 853, 859 n.2 (Mo. banc 2021) (internal quotation and citation omitted).

11

Even *before* a defendant should ordinarily—in the trial court's discretion—be granted the relief of in-camera review (a remedy Durbin already received *twice* below), the "defendant must allege specific facts showing how the information is both favorable and material. Evidence is material if there is a reasonable probability that, had it been disclosed to the defense, then the result of the proceeding would have been different." *Smith*, 579 S.W.3d at 288 (internal quotations and citations omitted).

While Durbin's argument recites various principles of law concerning privilege, in-camera review, relevance, the right to confront witnesses, cross-examination, credibility, impeachment, and the use of extrinsic evidence, he fails to demonstrate how those principles interact with the record before us such as to entitle him to relief on appeal. Durbin's speculative assertions (none of which are supported by required citation to the record)[8] would not suffice to warrant the relief Durbin already obtained, and certainly cannot suffice to obtain the additional and greater relief he now seeks on appeal.

The defense strategy of attacking Victim's credibility was extensively and vigorously developed at trial. The record reflects that the trial court allowed defense counsel considerable latitude in this endeavor, and treated defense counsel's voluminous motions and arguments with careful consideration. After reviewing numerous motions, hearing extensive arguments, twice granting in-camera review, and twice reviewing over a thousand pages of documents in-camera, the trial court found that the materials contained in Exhibit 10 were not relevant or material to the defense, and therefore did not disclose them. While this certainly reflects an exercise of the trial

---

[8] Rule 84.04(e) in relevant part directs that "[a]ll factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."

court's discretion, Durbin in no way demonstrates (and the record does not indicate) that this was an abuse of that discretion.

Durbin fails to demonstrate that the trial court abused its discretion in failing to disclose Exhibit 10 to the defense. Point I is denied.

### Point II: Exhibit 11

In his second point, Durbin raises the same litany of multifarious claims as his Point I, this time directed at Exhibit 11.[9] For the same reasons discussed in our analysis of Durbin's Point I, his Point II argument is also unavailing. Point II is accordingly denied.

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - CONCURS

JACK A.L. GOODMAN, J. - CONCURS

---

[9] Durbin's Point II argument section, like the argument section attendant to his first point, provides no citations to the record, and fails to develop an argument for reversal that complies with Rule 84.04.